UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | Cr. No. JKB-16-363 |
| KENNETH FAISON | * | |
|     Defendant | * | |
| For: KENNETH FAISON | * | |

## MOTION TO SUPPRESS RESULTS OF CELL PHONE SEARCH

Kenneth Faison, defendant, by his undersigned counsel, hereby moves this Honorable Court to exclude from evidence introduction of the results of a search of his cell phone seized from him on November 15, 2016, and as grounds states:

1. Defendant, Kenneth Faison, is charged in the above-captioned superseding indictment (ECF 40) with racketeering (count one) and conspiracy to possess with the intent to distribute narcotics (count two).

2. Although the indictment does not allege a starting date for the racketeering conspiracy, the overt acts in the indictment allege activities from 2005 to as late as June 30, 2016.  The indictment likely includes all acts until the date of its filing, November 9, 2016.

3. The last overt act alleged against Mr. Faison occurred on December 19, 2012.  Para. 47.  Faison was arrested on that date and remained incarcerated until September 26, 2016.

4. The indictment does not allege, nor is there any evidence to show, that Mr. Faison used a cell phone during the period of the conspiracy prior to his 2012 incarceration..

5. Unlike many defendants who come before this Court, Mr. Faison did <u>not</u> have a cell phone while in jail.

6. Following his release on September 26, 2016, Mr. Faison obtained a cell phone.

7. Mr. Faison was arrested in the instant matter on November 15, 2016. At that time, his cell phone was seized.

8. Subsequent to the seizure, Mr. Faison's cell phone was searched.

9. A search warrant is required before a cell phone can be searched without consent. *Riley v. California*, 573 U.S. ___, 134 S.Ct. 2473 (2014). A warrant was obtained based on a affidavit.

10. The affidavit in this case lacks any scintilla of probable cause. The affidavit alleges only activities by Mr. Faison prior to his incarceration in 2012 - nothing is alleged in the affidavit that he was in any way involved in criminal activity from September 29, 2016, until November 15, 2016.

11. "The fourth amendment bars search warrants issued on less than probable cause, and there is no question that time is a crucial element of probable cause. A valid search warrant may issue only upon allegations of "facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *United States v. McCall*, 740 F.2d 1331, 1335-36 (4th Cir. 1984).

12. Staleness in an affidavit can be due to a delay in executing an otherwise valid warrant. Such is not the issue here.

13. In addition, "the warrant itself may be suspect because the information on which it rested was arguably too old to furnish 'present' probable cause." *Id.*, at 1336.

14. Any probable cause related to Mr. Faison had a chronological terminus in 2012. Any such evidence, without any indication that Mr. Faison was rejoining any illegal activity, is far too old to be relied upon by either a signing judge or an executing officer.

15. Therefore, despite the issuance of a warrant, the search is not saved by the principles outlined in *United States v. Leon*, 468 U.S. 897 (1984).

16. "[E]vidence seized pursuant to a warrant supported by 'stale' probable cause is not admissible in a criminal trial to establish the defendant's guilt."   *McCall*, at 1336.

WHEREFORE, defendant Kenneth Faison moves this Honorable Court to exclude from evidence introduction of the results of a search of his cell phone seized from him on November 15, 2016.

Respectfully submitted,

_____/s/_____
Richard Bardos
Schulman, Hershfield & Gilden, P.A.
1 East Pratt Street, 9th Floor
Baltimore, Maryland 21202
(410) 332 0850

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this    1st   of August, 2017, a copy of the foregoing Motion was served electronically via ECF to: Office of the United States Attorney, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201 and all defense counsel.

_____/s/_____
Richard Bardos