IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO: JKB -16-363 |
| | : | |
| MARQUISE MCCANTS | : | |

…oOo…

## MOTION TO COMPEL DISCLOSURE OF ALL INFORMANTS

Now comes Defendant, Marquise McCants, by his attorney, John R. Francomano III, Esq., hereby respectfully moves this Honorable Court to order the government to disclose to defense counsel the identities of all informants, who provided information to law enforcement, who were participants in any crimes charged or who were involved in any of the transactions alleged in this case. In support of this Motion, Mr. McCants states as follows:

1. The prosecution's privilege of non-disclosure to the accused of the identity of an informant must give way where disclosure is essential or relevant and helpful to the defense of the accused, lessens the risk of false testimony, is necessary to secure useful testimony, or is essential to a fair determination of the case. The limitations on the privilege of non-disclosure must give way to the Fifth Amendment's requirement of fundamental fairness to the accused.

2. The disclosure to the accused of an informant's identity is required where the informant was an actual participant in the alleged criminal occurrence. *McLawhorn v. North Carolina*, 484 F.2d 1 (4th Cir. 1973).

3. As defined by the Supreme Court of the United States, an informer is an individual whether named or unnamed in any charging document, specifically including the unnamed

principal(s) and/or aider(s) and/or abettor(s) and/or accomplice(s), who was a participant in the alleged violation(s) and who provided information as to the alleged violation(s) of law to officers of the government charged with enforcement of that law, and which information contributed to or led to the charging of Mr. McCants. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). This Motion includes a request for communications between each such informer and the United States or acting prosecutor prior to, at the time of, of after the alleged violation(s).

    4. In addition, Mr. McCants requests as to each informant the following information:

        a. The disclosure of the length and extent of the witness' informant status;

        b. The amounts, if any, normally or on this occasion, paid to the informant;

        c. The non-monetary assistance also provided to the informant, including, but not limited to assistance in avoiding or minimizing harm from charges pending against the informant, such status having existed either at the time of the offense or any other time through the date of trial;

        d. All benefits or promises or statements that benefit would not be provided without cooperation that were made to the informant in connection with this case, whether or not fulfilled. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other consideration of value;

        e. The nature of assistance provided to or by the informant in the past, including the number of occasions and form of help. *See United States v. Bagley*, 105 S.Ct. 3375 (1985).

    WHEREFORE, Defendant, Marquise McCants, respectfully moves that:

A. That this Honorable Court Schedule a hearing on this Motion;

B. This Honorable Court order the government to disclose to defense counsel the identities of all informants, who provided information to law enforcement, who were participants in any crimes charged or who were involved in any of the transactions alleged in this case.

C. For such other further relief as the nature of Mr. McCants's cause may require.

Respectfully Submitted,

_____/s/_____
John R. Francomano III, Esq.
Francomano & Francomano, P.A.
101 E. Chesapeake Ave., Suite 200
Towson, Maryland 21286
(410) 307-1100
Bar ID # 26630
jrfiii@fandflawyers.com
*Attorney for Defendant*

**STATEMENT OF GROUNDS AND AUTHORITIES**

1. *McLawhorn v. North Carolina*, 484 F.2d 1 (4th Cir. 1973)

2. *Roviaro v. United States*, 353 U.S. 53, 59 (1957)

3. *United States v. Bagley*, 105 S.Ct. 3375 (1985)

4. United States Constitution 5th Amendment

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the local rules of the United States District Court for the District of Maryland, a hearing is requested on the Defendant's Motion.

                                                                                        _____/s/_____
                                                                                         John R. Francomano III, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 4th day of August, 2017 a copy of the foregoing Motion to Compel Disclosure of All Informants was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

Peter J. Martinez, Esquire  
Christina A. Hoffman, Esquire  
Asst. U.S. Attorneys  
36 S. Charles Street, Fourth Floor  
Baltimore, Maryland 21201

                                                               _____/s/_____
                                                               John R. Francomano III, Esquire